UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| ASHLEY GIBSON | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | 2:05-cv-270 |
| | ) | 2:03-cr-022 |
| | ) | *Phillips* |
| UNITED STATES OF AMERICA | ) | |
| Respondent. | ) | |

## **MEMORANDUM**

Petitioner Ashley Gibson ("Gibson") has filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The Clerk is DIRECTED to serve a copy of the motion and this Memorandum and accompanying Judgment Order on the United States Attorney. However, for the reasons stated below, the United States Attorney shall not be required to file an answer or other pleading to the motion, and the motion will be **DENIED**.

Gibson pleaded guilty to conspiracy to distribute and possession with the intent to distribute cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) & 846. By judgment entered February 13, 2004, she was sentenced to a term of imprisonment of 126 months. She did not appeal her sentence. Gibson now challenges the enhancements to her offense level

and the "reasonableness" of her sentence, in light of the recent Supreme Court decision in *United States v. Booker*, 125 S. Ct. 738 (2005). She also claims she was not given consideration for her cooperation with the government.

Prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the only time constraint for a federal prisoner to file a § 2255 motion was if the respondent had been prejudiced in responding to the motion or petition because of the delay in filing. Rule 9(a) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS. As a result of the AEDPA, however, a federal prisoner has one year in which to file a § 2255 motion. The limitation period generally runs from the date on which the judgment of conviction becomes final.

In the event a petitioner does not file a direct appeal, the statute of limitation commences when the time for filing a direct appeal has elapsed. *See Chandler v. United States*, 22 Fed.Appx 399, 400, 2001 WL 1176597 *1 (6th Cir. 2001) (citing *Johnson v. United States*, 246 F.3d 655, 657-58 (6th Cir. 2001)); *see also United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002) (footnote omitted) ("because defendant did not pursue a direct appeal from the judgment of conviction, he cannot rely on the 90-day period for seeking certiorari review of a judgment of the court of appeals to extend the date on which his conviction became final").

In Gibson's case, the statute of limitation began to run on March 1, 2004, which was ten business days after judgment was entered. *See* FED. R. CRIM. P. 45. Gibson filed her §

2255 motion on October 13, 2005, well after the expiration of the one-year statute of limitation. Gibson asks the court to consider her untimely § 2255 motion under the doctrine of equitable tolling and claims she was unaware of the statute of limitation. She also claims she was waiting to hear from her attorney as to a Rule 35 motion from the government.

Gibson has the burden of demonstrating that she is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citations omitted). Her allegations fail to constitute cause as to excuse her failure to timely file her § 2255 motion. *See Vroman v. Brigano*, 346 F.3d 598 (6th Cir. 2003). "The doctrine of equitable tolling is applied sparingly by federal courts," and is typically used "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id.* at 604 (citations and internal quotations marks omitted). *See also Winkfield v. Bagley*, 66 Fed.Appx. 578, 583-584, 2003 WL 21259699 *5 (6th Cir. May 28, 2003) (reliance on counsel does not toll the statute of limitations where the petitioner "has 'failed in his duty to monitor the status of his appeal'") (quoting *Brown v. United States*, 20 Fed. Appx. 373, 375, 2001 WL 1136000 *3 (6th Cir. September 21, 2001); *Irwin v. Department of Veteran Affairs*, 498 U.S. 89, 96 (1990) (the principles of equitable tolling "do not extend to what is at best a garden variety claim of excusable neglect").

The court notes that 28 U.S.C. § 2255 provides several exceptions to the statute of limitation, one of which is: the one-year period shall run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly

3

recognized by the Supreme Court and made retroactively applicable to cases on collateral review." In *Booker*, the Supreme Court noted that its holding should be applied "to all cases on direct review." 125 S. Ct. at 769.

The Supreme Court did not state that the holding should be applied retroactively on collateral review of cases in which the judgment has become final. In fact, the Court quoted *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987), for the proposition that "'a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases ... pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a "clear break" with the past.'" *Id*. The Sixth Circuit has, in fact, held that *Booker* "does not apply retroactively in collateral proceedings." *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir.), *cert. denied*, 126 S. Ct. 199 (2005).

It plainly appears from the face of the motion and the prior proceedings in the case that Gibson is not entitled to relief in this court and this action should be summarily dismissed; an evidentiary hearing is not required. Rule 4 of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS; *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986). Accordingly, the motion to vacate, set aside or correct sentence will be **DENIED** and this action **DISMISSED**.

In addition to the above, this court has carefully reviewed this case pursuant to 28 U.S.C. § 1915(a) and hereby **CERTIFIES** that any appeal from this action would not be

4

taken in good faith and would be totally frivolous. Therefore, this court will **DENY** Gibson leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the FEDERAL RULES OF APPELLATE PROCEDURE. Gibson having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253.

    **AN APPROPRIATE ORDER WILL ENTER.**

                                              s/ Thomas W. Phillips
                                              United States District Judge